UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LAKE, | No. 2:19-cv-2083 KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. WEISS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. On November 25, 2019, the undersigned granted plaintiff an extension of time in which to file an amended complaint because he stated he had been without his property since he arrived at Mule Creek State Prison ("MCSP") on August 23, 2019. The undersigned requested that the litigation coordinator at MCSP assist plaintiff in obtaining access to his legal materials so that plaintiff can comply with the court's deadline. The order was served on the litigation coordinator as well as on Monica Anderson, Supervising Deputy Attorney General.

On December 5, 2019, plaintiff signed a document styled, "Petition for TRO Injunctive Relief." (ECF No. 12.) Plaintiff claims that it has been two weeks since the court's order, and the litigation coordinator and Monica Anderson have not contacted plaintiff. Plaintiff filed a 22 form to the litigation coordinator, and wrote a letter to Monica Anderson and the litigation coordinator. Plaintiff then filed an emergency administrative appeal with a copy of the court's

order, but the appeals coordinator denied the appeal and removed the court order. (ECF No. 12.)

For the reasons set forth below, the undersigned finds that plaintiff's filing is too vague and incomplete to support a claim for injunctive relief, and therefore dismisses the motion without prejudice to renewal upon a proper showing.

A. <u>Legal Standards</u>

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council</u>, 555 U.S. 7, 20 (2008); <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting <u>Winter</u>). The Ninth Circuit has held that, even if the moving party cannot show a likelihood of success on the merits, injunctive relief may issue if "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation omitted). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See <u>Johnson v. California State Bd. of Accountancy</u>, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting <u>Martin v. Int'l Olympic Comm.</u>, 740 F.2d 670, 675 (9th Cir. 1984)).

"A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter</u>, 555 U.S. at 24 (citation omitted).

In addition, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 110 (1969); <u>SEC v. Ross</u>, 504 F.3d 1130, 1138-39 (9th Cir. 2007). Similarly, the pendency of this action does not give the Court jurisdiction over prison officials in general or over plaintiff's litigation issues. <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 492-93 (2009);

Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). This Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. Summers, 555 U.S. at 492-93; Mayfield, 599 F.3d at 969.

B. Discussion

In the instant letter, plaintiff failed to address the elements required under Winter. Plaintiff's original complaint was dismissed on October 25, 2019, because he raised multiple unrelated claims against multiple defendants. Thus, there is no operative pleading on file to support a claim for injunctive relief at this time, and the court is unable to determine whether plaintiff would be likely to succeed on the merits of any claim. Indeed, it is unclear which claim or claims plaintiff intends to pursue in this action; therefore, the undersigned is unable to discern whether such claim is of an urgent nature. Plaintiff's request is insufficient, procedurally, to support a request for injunctive relief. In addition, the record is insufficient to demonstrate an order is required under other legal authorities.

Moreover, plaintiff's request is premature. Although he claims he heard nothing from the litigation coordinator in two weeks, in fact, he waited only ten days before signing the instant request, and there was a holiday in the ten-day period.

Finally, the undersigned has reviewed plaintiff's original filing and notes that plaintiff appended a copy of a document styled, "Second Amended Complaint" addressed to the Amador County Superior Court in which he raised many of the same claims he raised in the original complaint filed in this action. That document was signed on October 8, 2019, and suggests plaintiff may not need his property in order to draft an amended complaint in this action. Plaintiff is reminded that a complaint requires only the facts surrounding the particular claim; he is not required to cite legal authorities. That plaintiff was able to articulate his various claims in the original complaint also suggests he may not need his property to prepare and file an amended complaint that makes clear which claim or claims he intends to pursue against which defendant or defendants in this action. Importantly, plaintiff is cautioned that he may not pursue the same legal claims in different court cases or different courts at the same time.

////

In an effort to assist plaintiff in filing an amended complaint, the Clerk is directed to send plaintiff a copy of his initial pleading (ECF No. 1), as well as the form for filing a civil rights complaint by a prisoner. Plaintiff's instant request is denied without prejudice to renewal upon a proper showing once an operative pleading is on file and has been screened.

In the meantime, plaintiff is granted sixty days in which to file an amended complaint.[1]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 12) is denied without prejudice;

2. Plaintiff is granted sixty days from the date of this order in which to file an amended complaint; and

3. The Clerk of the Court is directed to send plaintiff a copy of his complaint (ECF No. 1) as well as the form for filing a civil rights complaint by a prisoner.

Dated: December 17, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lake2083.den

---

[1] Plaintiff is reminded that he may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. Also, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George, 507 F.3d at 607. This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

4