UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LAKE,<br><br>             Plaintiff,<br><br>     v.<br><br>J. WEISS, et al.,<br><br>             Defendants. | No. 2:19-cv-2083 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. On October 31, 2019, plaintiff's complaint raising multiple unrelated and improperly-joined claims was dismissed and plaintiff was granted leave to file an amended complaint. On December 17, 2019, plaintiff was granted sixty days in which to file an amended complaint that complies with the October 31, 2019 order.

On January 3, 2020, plaintiff filed a document entitled "Petition for Writ of Replevin." (ECF No. 14.) In his petition, filed on a state court form, plaintiff appears to raise claims of lost and destroyed personal property and seeks monetary and injunctive relief under California Penal Code §§ 1258, 1259, and 1536.

However, as plaintiff was previously informed in the court's screening order, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is

available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). The negligent or intentional deprivation of property fails to state a cognizable due process claim under section 1983 if the deprivation was random and unauthorized. Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson, 468 U.S. at 533 (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides prisoners with sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to the deprivation, a statutory provision for post-deprivation hearing or a state common law tort remedy for erroneous deprivation satisfies due process); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986) (same). The Ninth Circuit has long recognized that California law provides such an adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Deprivations of property resulting from negligence, or "mere lack of due care" do not deny due process at all, and must be redressed through a state court damages action. See Daniels, 474 U.S. at 328 ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); Daniels, 474 U.S. at 330 ("'To hold that this kind of loss is a deprivation of property within the meaning of the Fourteenth Amendment seems not only to trivialize, but grossly to distort the meaning and intent of the Constitution.'" (quoting Parratt, 451 U.S. at 545 (Stewart, J., concurring)). In fact, the Supreme Court has explicitly warned against turning the Fourteenth Amendment and § 1983 into a "font of tort law to be superimposed upon whatever systems may already be administered by the States." See Paul v. Davis, 424 U.S. 693, 701 (1976) ("the procedural guarantees of the Due Process Clause cannot be the source for [tort] law.")

Because plaintiff contends he was deprived of personal property, any remedy he may have lies in state court, not federal court. In other words, plaintiff must seek redress through the California courts. Based on such binding authorities, and the fact that plaintiff was previously advised that he could not pursue such property claims in federal court, the court concludes that

the petition for writ of replevin was improperly filed in this court. Therefore, the undersigned declines to construe such filing as plaintiff's amended civil rights complaint because it does not comply with the October 31, 2019 order, and the petition is disregarded. Plaintiff is granted an extension of time to file an amended complaint that complies with the court's October 31, 2019 order.

In addition, plaintiff appended a copy of the court's last order on which plaintiff complains that the January 3, 2010 order contained "no teeth," apparently because the court did not order the litigation coordinator or the supervising deputy attorney general to meet with plaintiff by a date certain. However, because there is no operative complaint on file, the court has no jurisdiction to issue such an order at this time. Moreover, it appears that plaintiff has now received at least some of his property.

Importantly, because plaintiff has not yet identified the specific claims he intends to pursue in this action, it is unclear whether plaintiff needs any of his personal property in order to file a proper pleading in this case.[1] Prisoners are not required to cite legal authority, including cases or statutes, in the initial pleading. Rather, plaintiff is only required to name and sufficiently identify each defendant, identify the federal cause of action or constitutional violation and set forth the facts that demonstrate his constitutional rights were violated by each named defendant. Indeed, the court provides state prisoners with a civil rights complaint form which plaintiff may use to identify his claims and articulate the facts supporting such claims in a concise fashion. The court will direct the Clerk of Court to provide plaintiff with a copy of his initial complaint filed in this action should the pleading assist plaintiff in filing his amended complaint. Due to the difficulties plaintiff has recently experienced, plaintiff is granted sixty days in which to file the amended complaint.

////

////

---

[1] In addition, it is unclear whether any particular document he may need was destroyed by water damage and therefore may be unattainable in any event. Nevertheless, plaintiff is not required to submit exhibits at the pleading stage. Plaintiff need only assert the factual basis for each claim.

3

Accordingly, IT IS HEREBY ORDERED that:

1. The improperly-filed petition for writ of replevin (ECF No. 14) is disregarded;

2. Plaintiff is granted sixty days from the date of this order in which to file an amended complaint that complies with the October 31, 2019 order; and

3. The Clerk of the Court is directed to send plaintiff a copy of his original complaint (ECF No. 1), as well as the form for filing a civil rights complaint by a prisoner.

Dated: January 13, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lake2083.26r