UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LAKE,<br><br>Plaintiff,<br><br>v.<br><br>ASSOCIATE WARDEN HURLEY, et al.,<br><br>Defendants. | No. 2:19-cv-2083 MCE KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner, proceeding pro se. On February 20, 2020, plaintiff re-filed a portion of his prior motion for temporary restraining order, marking it "Refiled NonResponsive." (ECF No. 16.) Included with his motion was a document addressed to four different courts, referencing his motion for injunctive relief, but bearing the title "Amended Petition for Relief of Retaliation. . . ., and plaintiff's note "Non-Responsive Refiled." (ECF No. 16 at 7.) As discussed below, plaintiff's motion should be denied without prejudice, and the undersigned declines to construe the attachment as plaintiff's amended complaint.

II. Motion for Injunctive Relief

Plaintiff continues to complain that he is deprived of his property. Plaintiff seeks recovery of damages based upon a laundry list of alleged violations. Plaintiff appears to contend that Director Ralph Diaz, and his subordinates Warden Patrick Covelco, Associate Warden Jean

1

Weiss, Dr. Wong, Correctional Officer Tiller, and the Mule Creek State Prison litigation coordinator violated this court's November 25, 2019 order to assist plaintiff in obtaining his property.[1] While not entirely clear, plaintiff appears to contend that there is a criminal conspiracy to file false reports and seeks to have such unidentified conspirators reported to the district attorney for prosecution, and asks this court to appoint an investigator. Plaintiff states he has now been deprived of his Christmas package and a Christmas card from the LDS local bishop. Plaintiff also references retaliation for filing grievances and civil suits. (ECF No. 16 at 5.) Plaintiff seeks $100 per day for the first 100 days and $1,000 per day thereafter.

      A. <u>Governing Standards</u>

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. See <u>Beaty v. Brewer</u>, 649 F.3d 1071, 1076 (9th Cir. 2011) (affirming district court's denial of the motion for a temporary restraining order or preliminary injunction by discussing either as under the same standard for issuing preliminary injunctive relief); <u>see also</u> <u>Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.</u>, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). "A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter</u>, 555 U.S. at 24 (citation omitted).

The moving party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Stormans, Inc. v. Selecky</u>, 586

---

[1] Plaintiff also states that he has five other open cases with deadlines. Plaintiff is cautioned that he should file requests for extensions of time or other appropriate motions in those cases. This court does not have jurisdiction over any case other than this one.

2

F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008). The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show a likelihood of success on the merits, if "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation omitted). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Further, requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Finally, the pendency of an action does not give the court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009). The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93.

B. Discussion

Initially, the undersigned observes that plaintiff's motion is rambling, vague and conclusory. In addition, plaintiff's complaint was dismissed on October 31, 2019, and he has not

yet filed an amended complaint. Because no operative complaint is on file, plaintiff cannot demonstrate a likelihood of success on the merits of any claim, and his motion should be denied. See, e.g., Silvas v. G.E. Money Bank, 449 F. App'x 641, 645 (9th Cir. 2011) ("Because the operative complaint has been dismissed, we dismiss this interlocutory appeal [for preliminary injunctive relief] as moot."). Plaintiff's motion demonstrates that he seeks injunctive relief as to all of the defendants named in his now-dismissed complaint, but the complaint was dismissed because plaintiff improperly attempted to raise unrelated claims against unrelated defendants. Fed. R. Civ. P. 20(a). Plaintiff was previously advised that he cannot state a civil rights claim based on the deprivation of property. (ECF No. 15 at 2.)

In addition, none of the individuals named by plaintiff in his motion have been served or appeared in this action. Until defendants have been served with process, this court lacks personal jurisdiction over the defendants, and may not grant the injunctive relief he seeks. See Fed. R. Civ. P. 65(d)(2); see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").

For all of the above reasons, the undersigned recommends that plaintiff's motion be denied without prejudice. See Zepeda v. United States Immigration and Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1983) (stating a federal court may issue an injunction only "if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court"); see also Fed. R. Civ. P. 65(d)(2) (listing persons bound by injunction). Plaintiff should not renew such motion until after he has filed an amended complaint and a defendant has been served with process.

III. Construe as Amendment?

As noted above, in addition to referring to his motion for injunctive relief, plaintiff's included a document styled "Amended Petition for Relief of Retaliation. . . ., which bears his note "Non-Responsive Refiled," and is addressed to four different courts. (ECF No. 16 at 7.) Plaintiff recites the following: First Amendment retaliation, deliberate indifference to plaintiff's safety

and failure to protect in violation of the Eighth Amendment, and negligence.  Plaintiff writes "retaliation for filing lawful 602 appeals and filing writs of administrative mandate," "discrimination for ADA handicap for filing 602 against Dr. Wong for denying . . . medical service. . .," and then appears to claim certain appliances were removed.  (ECF No. 16 at 8-9.)  Plaintiff further claims he is being incarcerated in violation of Proposition 57.  (ECF No. 16 at 10.)  Plaintiff then states "retaliation for litigation civil rights of LDS Church Service and Native Americans and other religions 1st 14th Amendments."  (Id.)  Plaintiff seeks, *inter alia*, a preliminary order requiring the return of his legal property; the return or replacement of other personal property; money damages; and attorney's fees and costs.

        First, plaintiff's filing fails to comply with the form of pleadings required under Rule 10 of the Federal Rules of Civil Procedure.  Plaintiff failed to identify each individual he intends to name as defendants, merely referring to "Warden(s), et al., and John Does 1 to 100" in the caption.  (ECF No. 16 at 7.)

        Second, the filing is too vague and conclusory to state a cognizable civil rights claim as to any individual defendant.  To state a claim under § 1983, a plaintiff must allege:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  In sum, plaintiff must identify the particular person or persons who violated his rights, and set forth specific factual allegations as to how such person violated plaintiff's rights.  Thus, naming "warden(s)" as defendants is insufficient.

        Similarly, plaintiff's use of John Does is insufficient.  Although plaintiff claims he will amend to include defendants' "true name[s]" following discovery, plaintiff has not provided

specific facts sufficient to determine whether he can state a cognizable civil rights claim against a particular individual.[2] Plaintiff must identify the individual's alleged actions or omissions that plaintiff claims violate his federal rights. Plaintiff "must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). In other words, if a prospective defendant's identity is unknown, plaintiff must identify the John Doe as best as possible, and allege specific acts that the doe defendant did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y."

Plaintiff's filing wholly fails to meet the pleading standards under Iqbal. Plaintiff has not alleged specific facts connecting a particular individual with a specific constitutional violation. In addition, the allegations are too vague and conclusory to construe as plaintiff's amended complaint in this action. Plaintiff fails to address all of the elements required to state a claim for retaliation under the First Amendment. Moreover, it appears that plaintiff is again attempting to raise unrelated claims against unrelated defendants in violation of Rule 20(a) of the Federal Rules of Civil Procedure. The initial screening order provided plaintiff with detailed information as to what claims may be properly joined. (ECF No. 5 at 3.)

Finally, plaintiff's claim that he is being held in violation of Proposition 57 does not state a civil rights claim. Rather, to the extent plaintiff challenges the fact or duration of his confinement, plaintiff must file a petition for writ of habeas corpus under 28 U.S.C. § 2254.

For all of the above reasons, the undersigned declines to construe plaintiff's filing (ECF No. 16 at 7-11) as an amended complaint.

IV. Standards Governing Potential Claims

In the initial screening order, plaintiff was provided potentially applicable standards, including standards governing alleged medical care claims raised under the Eighth Amendment, as well as Free Exercise of Religion claims. (ECF No. 5.) Plaintiff is advised of the following standards governing retaliation claims under the First Amendment.

////

---

[2] Additionally, unknown persons cannot be served with process until they are identified by their real names. The court will not investigate the names and identities of unnamed defendants.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). If plaintiff intends to assert a retaliation claim, he must specifically identify the protected conduct at issue, name the defendant who took adverse action against him, and plead that the allegedly adverse action[3] was taken "because of" plaintiff's protected conduct.[4]

The Ninth Circuit has found that preserving institutional order, discipline and security are legitimate penological goals which, if they provide the motivation for an official act taken, will defeat a claim of retaliation. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985) ("Challenges to restrictions of first amendment rights must be analyzed in terms of the legitimate policies and goals of the correctional institution in the preservation of internal order and discipline, maintenance of institutional security, and rehabilitation of prisoners."). The burden is thus on plaintiff to allege and demonstrate that legitimate correctional purposes did not motivate the actions by prison officials about which he complains. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("[Plaintiff] must show that there were no legitimate correctional purposes motivating the actions he complains of.").

////

////

---

[3] For purposes of evaluating a retaliation claim, an adverse action is action that "could chill a person of ordinary firmness from continuing to engage in the protected activity[ ]." Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006). See also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

[4] Prisoners have a constitutional right to file prison grievances and pursue civil rights litigation in the courts. See Rhodes, 408 F.3d at 567. Prison officials may not retaliate against prisoners for exercising these rights. Id. at 568; see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997); Bradley v. Hall, 64 F.2d 1276, 1279 (9th Cir. 1995).

V. November 25, 2019 Order

Plaintiff's continued focus on this court's order asking the litigation coordinator to assist plaintiff in obtaining access to his property is now unavailing. Plaintiff's evidence demonstrates that plaintiff was taken to Receiving and Release on November 26, 2019 to review his excess property. (ECF No. 15 at 22-24.) While such evidence also suggests plaintiff's excess property was damaged by water, plaintiff does not make clear whether he was allowed to review such property to determine whether any of the property was salvageable or completely destroyed. In any event, the record reflects plaintiff received at least some of his property, and plaintiff again fails to identify what particular legal materials he needs in order to file an amended complaint in this action. As plaintiff was previously informed,

> Prisoners are not required to cite legal authority, including cases or statutes, in the initial pleading. Rather, plaintiff is only required to name and sufficiently identify each defendant, identify the federal cause of action or constitutional violation and set forth the facts that demonstrate his constitutional rights were violated by each named defendant.

(ECF No. 15 at 3.) The record demonstrates that plaintiff has the ability to file documents with the courts, and was previously provided with this court's complaint form, as well as a copy of his original complaint, to assist plaintiff in filing his amended complaint.

For all of the above reasons, the undersigned finds that the litigation coordinator is relieved of any further obligation under the November 25, 2019 order.

VI. Extension to Amend

Good cause appearing, plaintiff is granted one final extension of time in which to file an amended complaint that complies with the October 31, 2019 order (ECF No. 5). In order to assist the court, as well as any prospective defendant, plaintiff is required to file his amended complaint on the court's complaint form, clearly identifying the individuals named as defendants, as well as including specific charging allegations as to each named defendant. Plaintiff is not required to

////

////

////

8

append exhibits or cite legal authorities. Plaintiff shall not include unrelated claims as to unrelated defendants.[5]

Plaintiff is cautioned that failure to timely comply with this order will result in a recommendation that this action be dismissed. Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. The undersigned declines to construe plaintiff's filing (ECF No. 16 at 7-11) as an amended complaint;

2. The litigation coordinator at Mule Creek State Prison is relieved of any further obligation under the November 25, 2019 order;

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint under 42 U.S.C. § 1983;

4. The Clerk of the Court is directed to serve copies of this order on the litigation coordinator at Mule Creek State Prison, P.O. Box 409099, Ione, California 95640; and

5. Within thirty days from the date of this order, plaintiff shall file an amended complaint on the court's complaint form as set forth above. Failure to timely comply with this order will result in a recommendation that this action be dismissed.

Further, IT IS RECOMMENDED that plaintiff's motion (ECF No. 16) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

---

[5] Plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. Also, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 4, 2020

*[Signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lake2083.tro2